UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10139-GAO

GIRJA "GINA" MORJARIA,
Plaintiff,

v.

HARVARD VANGUARD MEDICAL ASSOCIATES, INC., HARVARD VANGUARD
MEDICAL ASSOCIATES HEALTH AND WELFARE BENEFITS PLAN, AETNA LIFE
INSURANCE COMPANY, and AETNA, INC.,
Defendants.

OPINION AND ORDER
March 20, 2015

O'TOOLE, D.J.

I.      **Background**

On January 17, 2014 the plaintiff initiated this action against Aetna Life Insurance Company and Aetna, Inc. (collectively "the Aetna defendants") and her employer Harvard Vanguard Medical Associates ("Harvard Vanguard"). Summonses were issued but never served. On the last day of the 120-day period for service of process under Federal Rule of Civil Procedure 4(m), the plaintiff filed an amended complaint adding as a defendant Harvard Vanguard Medical Associates Health and Welfare Benefit Plan ("the Plan"). She served all four defendants with the amended complaint that same day. Against each defendant, the plaintiff alleges breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and six "additional and alternative" counts sounding in negligence, contract, and Mass. Gen. Laws chapters 93A and 176D.

The amended complaint alleges the following relevant facts. The plaintiff is employed by Harvard Vanguard and is entitled to employee benefits under the Plan, including a spousal group life insurance policy which is fully insured by Aetna. Both the Plan and the policy are ERISA-governed. The plaintiff insured her husband's life under the policy in the amount of $100,000 and began paying premiums for coverage. Relying on representations by "one or more defendants" and her continued contributions, the plaintiff did not seek coverage elsewhere. Her husband died on January 18, 2011. At first, she was told by agents of Harvard Vanguard and/or the Plan (collectively "the HVMA defendants") that she was entitled to payment and was asked to provide them certain information for submission to Aetna. Subsequently, HVMA informed the plaintiff that, after contacting Aetna, they found that she was not entitled to benefits because they had enrolled her in the policy insuring her husband's life in error. A February 16, 2011 letter from the benefits specialist reads: "We regret to inform you that you do not qualify for any death benefits . . . The system inadvertently processed your enrollment without the insurance company's approval." (Amended Compl. ¶ 34 (dkt. no. 4).) A letter from HVMA's general counsel to the plaintiff's prior attorney similarly states: "Because of an administrative error, we began deducting premiums for spousal life insurance coverage even though those premiums should not have been deducted until we received approval from Aetna. We discovered our administrative error after your client submitted a claim for benefits under the life insurance policy." (Id. ¶ 36.) HVMA offered to reimburse the plaintiff for her contributions. When the plaintiff contacted Aetna directly, she was told that Aetna had not received the claim from HVMA and could not process the claim unless it was received from her employer.

The Aetna defendants moved to dismiss on the grounds that the ERISA claim contains no allegation of wrongdoing by Aetna and that the state law claims against Aetna are preempted. The HVMA defendants also moved to dismiss, arguing *inter alia* that the original and amended complaints suffer from procedural defects warranting dismissal. The plaintiff opposed both motions and, with the Court's leave, the HVMA defendants filed a reply addressing the service of process issue only.

## II. Discussion

### A. Validity of the Amended Complaint

#### i. *Federal Rule of Civil Procedure 15(a)*

The HVMA defendants argue that the amended complaint is a legal nullity because the original complaint was never served. Their argument is based on a hyper-literal, and incorrect, reading of Federal Rule of Civil Procedure 15(a), which provides:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Reduced to its simplest, the HVMA defendants' argument is that an original complaint may only be amended as a matter of course if it has been served, and then only within the time limits set forth in Rule 15(a)(1). In other words, they regard the provision that an amended complaint may be served "within . . . 21 days after" service as imposing a condition precedent

that the original complaint must first be served before an amendment may be made as a matter of course. On this interpretation, a complaint filed on Day 1 cannot be amended on Day 2 as a matter of course unless it has first been served. There is absolutely no reason to think that is what the drafters of the Rule had in mind, both because it erects a wooden and impractical barrier to amendments as a matter of course and because it is contrary to actual practice. The more sensible reading of Rule 15(a)(1)'s provision that an original complaint may be amended as a matter of course "within . . . 21 days after" service is that it may be so amended "up to" 21 days after service.

The HVMA defendants also suggest as a corollary to their interpretation the proposition that, because the service of the original complaint is a prerequisite to an amendment as a matter of course, the original complaint must be served, even if it is to be inevitably superseded by an amendment. Specifically in this case, they argue that the service of the amended complaint within the time permitted under Rule 4(m) was ineffective because the original complaint had to be served first, and then an amended complaint within the next 21 days. This interpretation would renew a formalistic approach to procedure that the "modern" rules of civil procedure were designed to eliminate. It is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill . . ." Foman v. Davis, 371 U.S. 178, 181-82 (1962).

There may be circumstances in which the Rule may be gamed to undermine or thwart Rule 4(m)'s requirement of service within 120 days of filing. See, e.g., United States v. Lezdey,

4

No. 12-cv-11486-RWZ, 2013 WL 704475 (D. Mass. Feb. 26, 2013). But that is not the circumstance here, where service of the amended complaint occurred within the 120 day period commencing with the filing of the original complaint.

The filing of the amended complaint was proper under Rule 15(a)(1), and its service was timely under Rule 4(m).

    *ii.*    *Statute of Limitations*

The HVMA defendants further argue that the amended complaint is subject to dismissal because it is barred by the statute of limitations. The plaintiff's ERISA claim for breach of fiduciary duty must be commenced within three years after the earliest date on which she had actual knowledge of the breach. 29 U.S.C. § 1113. Alternately, the HVMA defendants suggest the plaintiff might rebrand her claim as recovery of benefits pursuant to 29 U.S.C. § 1132. Because that provision does not include a statute of limitations, the limitations period contractually agreed to controls. Heimeshoff v. Hartford Life & Acc. Ins. Co., 145 S.Ct. 604, 610 (2013). Under the Plan at issue here, "a claimant or the claimant's authorized representative cannot start any legal action" more than three years and ninety days after the date of death. (HVMA Mem. Supp. Mot. to Dismiss, Ex. B at 12 (dkt. no. 14-2).) The plaintiff had knowledge of the breach at the latest by about February 16, 2011, by way of the letter from the benefits specialist. Her husband died January 18, 2011. Accordingly, the plaintiff's ERISA claim would have expired either about February 16, 2014 or on April 18, 2014. The original complaint was filed on January 17, 2014, comfortably within both these periods. The amended complaint was filed May 19, 2014.

The HVMA defendants concede that "[h]ad she served the Original Complaint and the statute of limitations ran in the interim, Plaintiff could have relied on cases cited in her

opposition that the Amended Complaint related back to the Original Complaint. Here, because the Plaintiff never properly served the Original Complaint, the Amended Complaint is a nullity and her arguments about relating back to the Original Complaint do not apply." (Reply to Opp. Mot. to Dismiss at 2 (dkt. no. 21) (internal citation omitted).) In light of my ruling that the amendment was valid and the implicit related proposition that it relates back to the date of the original filing, the defendants' argument lacks merit. The ERISA claim in the amended complaint is not barred by the statute of limitations.

B.  Count I: ERISA Liability

The plaintiff alleges, apparently against all defendants, breach of fiduciary duty under ERISA, 29 U.S.C. § 1104. She seeks equitable relief pursuant to 29 U.S.C. § 1132(a), effectively requesting a payment by the defendants of the amount she says she was assured was available to her following her husband's death.

The amended complaint is sufficient to state a claim against the HVMA defendants. However, the plaintiff can only bring a claim for breach of fiduciary duty against Aetna if she establishes that Aetna is a fiduciary. Mertens v. Hewitt Associates, 508 U.S. 248, 252-53 (1993). A person is a fiduciary with respect to an ERISA-controlled plan

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A); see also Bedall v. State St. Bank and Trust Co., 137 F.3d 12, 18 (1st Cir. 1998); Cottril v. Sparrow, Johnson & Ursillo, Inc., 74 F.3d 20, 22 (1st Cir. 1996) (emphasizing the exercise of discretion as a requirement of fiduciary status under ERISA). The amended complaint fails to allege specific facts that would establish Aetna's fiduciary status

6

under the plaintiff's Plan, let alone how it breached the associated duties. The plaintiff has not alleged facts that show Aetna's exercise of discretionary authority, control, or responsibility in the events at issue. In fact, there is no specific factual allegation about Aetna's involvement at all. This deficit is sufficient to dismiss any ERISA claim against Aetna under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    C.    Counts II through VII: State Law Claims

        *i.*    *HVMA Defendants*

The plaintiff acknowledges the possibility of preemption by presenting the state law claims as "alternatives" to the ERISA claim: "In the event this Court finds [her husband] was not eligible for coverage under the plan or policy or insurable under it, then he was not a participant or beneficiary in an ERISA plan, Plaintiff's claim would not be governed by ERISA and Plaintiff maintains these theories are not pre-empted by ERISA." (Amended Compl. ¶ 75.)

ERISA preempts all state law claims that "relate to" any ERISA-covered employee benefit plan. 29 U.S.C. §§ 1144(a), 1003. A state law claim relates to an employee benefit plan when liability or damages under the state law requires an analysis of the terms of the plan. Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 781 (1st Cir. 2014). Where, as here, the ERISA and state law claims concern the same underlying conduct, "that overlap 'suggests that the state law claim is an alternative mechanism for obtaining ERISA plan benefits,' and the state law claim is preempted." Id. (quoting Hampers v. W.R. Grace & Co., 202 F.3d 44, 52 (1st Cir. 2000)).

The plaintiff acknowledges that the Plan and policy at issue are ERISA-governed. (Amended Compl. ¶¶ 3, 12.) Her six state law claims all relate to the HVMA defendants' claimed duties under the Plan. In summary, Count II alleges that defendants were negligent in

7

their representations to the plaintiff about her rights and status under the Plan; Count III seeks damages in the amount the plaintiff would have received under the Plan on a theory of promissory estoppel; Counts IV through VI involve contract claims, where the Plan is the underlying contract; and Count VII involves *inter alia* alleged bad-faith refusal to provide benefits payments and alleged misinformation as to the plaintiff's benefits claim under the Plan, in violation of Mass. Gen. Laws chs. 93A and 176D. At least as to the HVMA defendants, these claims involve the same conduct complained of in Count I. To assess their merits, the Court would have to analyze the terms of the Plan itself. Accordingly, Counts II through VII are preempted by ERISA as to the HVMA defendants.

The plaintiff is incorrect in assuming ERISA would not govern these claims if her husband were found not to be eligible under the Plan. The plaintiff, and not her husband, is the participant in the Plan and putative beneficiary of the life insurance policy. Accordingly, she, and not he, has standing to bring a claim. 29 U.S.C. § 1132(a)(1). The plaintiff's suggestion that the claims belong to her husband and therefore would not be ERISA-governed if he were found to be ineligible under the life insurance policy is therefore off point. Moreover, the defendants appear to have no duty or contract vis-à-vis her husband, making the state law claims meaningless on plaintiff's theory. The state law claims are only potentially viable if the plaintiff is understood to assert them as the Plan participant. Because the Court's "inquiry must be directed to the plan" to evaluate them, those claims are preempted. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990).

> ii.   *Aetna Defendants*

Although the parties concede that the policy and Plan are ERISA-governed, the plaintiff has not shown that the Aetna defendants owe her any fiduciary duty under ERISA. In contrast to

the HVMA defendants, the state law claims against the Aetna defendants are not preempted because there is no underlying ERISA relationship to evaluate with respect to them. Nevertheless, the plaintiff's alternative pleading is still unsuccessful here. Precisely because she failed to show that the Aetna defendants owed her any duty or made misrepresentations to her about their duties, she has not adequately pled facts to support viable state law claims, for each of which such a duty or misrepresentation is required. Accordingly, the state law claims against the Aetna defendants, although not preempted, must be dismissed under Twombly and Iqbal.

### III. Conclusion

For the foregoing reasons, the Aetna defendants' Motion to Dismiss (dkt. no. 11) is GRANTED. The HVMA defendants' Motion to Dismiss (dkt. no. 13) is GRANTED as to Counts II through VII and DENIED as to Count I. This case may proceed against Harvard Vanguard Medical Associates, Inc. and Harvard Vanguard Medical Associates Health and Welfare Benefit Plan on the ERISA claim only.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge